**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4716-15T3

IN THE MATTER OF NEW
JERSEY INSTITUTE OF
TECHNOLOGY and SELINA
PEREZ.

_____

Submitted July 13, 2017 – Decided July 27, 2017

Before Judges Yannotti and Haas.

On appeal from the New Jersey Public
Employment Relations Commission, Agency
Docket No. DA-2016-004.

Fusco & Macaluso Partners, LLC, attorneys for
appellant Selina Perez (Shay S. Deshpande, on
the brief).

Robin T. McMahon, General Counsel, New Jersey
Public Employment Relations Commission
attorney for respondent New Jersey Public
Employment Relations Commission (Frank C.
Kanther, Deputy General Counsel, on the
brief).

Walsh Pizzi O'Reilly Falanga LLP, attorneys
for respondent New Jersey Institute of
Technology (M. Trevor Lyons, of counsel and
on the brief; Caitlin Petry Cascino, on the
brief).

PER CURIAM

Selina Perez (Perez) appeals from a final determination of the Director of Conciliation and Arbitration (Director), Public Employment Relations Commission (PERC), denying Perez's request for appointment of an arbitrator from PERC's special disciplinary arbitration panel. We affirm.

This appeal arises from the following facts. In June 2014, Perez began employment in the Department of Public Safety and Security (Department) of the New Jersey Institute of Technology (NJIT) as a Senior Security Officer, a non-commissioned position. The Office and Professional Employees International Union, AFL-CIO (OPEIU) represents persons who are employed as Senior Security Officers.

On May 18, 2015, NJIT promoted Perez to the position of Police Officer Intern. The Fraternal Order of Police, Lodge #93 (FOP) is the recognized negotiating representative for NJIT's commissioned police officers. Thereafter, effective October 21, 2015, NJIT promoted Perez to the position of Police Officer. Under NJIT's collective negotiations agreement (CNA) with the FOP, Perez had probationary status as a Police Officer for one year, from the date of her appointment to that position.

On March 28, 2016, Perez reported to dispatch that she observed damage to the passenger side front door of her patrol

vehicle. On April 1, 2016, Lieutenant Mark J. Cyr served Perez with notice that a due process meeting would be held on April 7, 2016, regarding Perez's alleged involvement in a motor vehicle accident on the evening of March 28, 2016. Perez appeared with her union representative. Lieutenant Cyr was present, along with Deputy Chief Charles Tighe and Sergeant Michael Villani.

At the meeting, Perez stated that on the evening of March 28, 2016, she responded with Sergeant Eric DiFrancesco and Officer Dwayne Barton to a report that there were three juveniles with weapons near Wellington Way. The officers arrested the three juveniles, and Perez transported one of the arrested juveniles to NJIT's police headquarters for processing.

Perez stated that Barton exited the parking deck and she followed him in her police vehicle. While Perez was driving out of the parking deck, she reached for her patrol bag. The bag fell forward. Perez reached for it and then applied her brakes. She put her vehicle in reverse and pulled into a parking space to fix her bag. Perez got back in the vehicle and proceeded to her post.

According to Lieutenant Cyr's report, Perez repeatedly stated that she had no recollection of hitting anything. He wrote, however, that Perez had "vacillated between not being comfortable admitting responsibility" and stating to DiFrancesco that she could have "done it 100 [percent]."

A-4716-15T3

Perez stated that she did not recall hitting the guardrail, but thought she may have hit the curb. Cyr stated that videotape footage from surveillance cameras showed that Perez had attempted to exit the parking deck and struck a guardrail, causing damage to the front passenger side door of the vehicle.

Cyr stated that Perez was seen opening and closing the door as if testing its operability. She did not appear to be attempting to reach or control her patrol bag. He wrote that Perez stated that she would take "100 [percent]" responsibility for the damage, but she did not admit she caused it. She only remembered hitting the guardrail after she saw the surveillance footage.

Cyr also wrote that Perez made a "cognitive choice" not to give a definitive answer to the question, "Did you hit the guardrail?" Cyr questioned Perez's integrity because she admitted to causing the damage and reluctantly took responsibility only after she was confronted with the video footage.

Cyr decided that Perez's employment should be terminated because she failed to "honor [her] responsibilities as a law enforcement officer and display resolute honesty" in violation of the Department's applicable policy. Cyr also found that Perez violated the Department's policy on operating official vehicles because she failed to operate her patrol car in a "careful and

prudent" manner. NJIT issued a letter to Perez informing her that she was terminated as of April 26, 2016.

On April 27, 2016, Perez filed a request with PERC for the appointment of an arbitrator from PERC's Special Disciplinary Arbitration Panel. NJIT objected to the request on the ground that Perez was not a permanent law enforcement officer. NJIT therefore argued that her termination was not subject to the special disciplinary arbitration provisions in N.J.S.A. 40A:14-209.

In support of its objection, NJIT submitted a certification from Annie Crawford, Assistant Vice President for Human Resources at NJIT, which set forth Perez's employment history and stated that at the time she was fired, Perez was a probationary law enforcement officer. Perez submitted a response supporting her request for the appointment of an arbitrator, with documentation. Perez asserted that at the time she was terminated, she had attained permanent employee status at NJIT.

The Director issued a letter opinion dated May 23, 2016, denying Perez's request. The Director stated that the special arbitration provisions only apply to persons who are employed as "permanent full-time" law enforcement officers. N.J.S.A. 40A:14-200. The Director determined that because Perez was a probationary police officer, she was not permanent in that position.

The Director also noted that the CNA between NJIT and the FOP provides that probationary employees are not entitled to use the grievance process in the agreement. The Director concluded that, under the circumstances, PERC did not have jurisdiction to appoint an arbitrator and dismissed the matter for lack of jurisdiction. This appeal followed.

On appeal, Perez argues: (1) PERC's decision should be reversed because the denial of arbitration violates her due process rights; (2) she was not on "probationary" status because she had been employed at NJIT for more than one year; and (3) NJIT's decision to terminate Perez should be reversed because the penalty imposed was disproportionate in light of all of the circumstances.

Judicial review of a final decision of an administrative agency is limited in scope. Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009) (citing In re Herrmann, 192 N.J. 19, 27 (2007); In re Carter, 191 N.J. 474, 482 (2007)). When reviewing an agency's decision, we consider

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

> [<u>Id.</u> at 10 (quoting <u>Mazza v. Bd. of Trs.</u>, 143
> <u>N.J.</u> 22, 25 (1995).]

When considering these criteria, a reviewing court "must be mindful of, and deferential to, the agency's 'expertise and superior knowledge of a particular field.'" <u>Ibid.</u> (quoting <u>Greenwood v. State Police Training Ctr.</u>, 127 <u>N.J.</u> 500, 513 (1992)).

PERC has "broad authority and wide discretion" in the "highly specialized area" of the relations between an employer and employee "in the public sector." <u>In re Hunterdon Cty. Bd. of Chosen Freeholders</u>, 116 <u>N.J.</u> 322, 328 (1989). Therefore, PERC decisions will be upheld unless "clearly demonstrated to be arbitrary or capricious." <u>City of Jersey City v. Jersey Police Benevolent Ass'n</u>, 154 <u>N.J.</u> 555, 568 (1998) (citing <u>In re Hunterdon Cty. Bd. of Chosen Freeholders</u>, <u>supra</u>, 116 <u>N.J.</u> at 329).

In this case, the Director found that PERC did not have jurisdiction to appoint a special disciplinary arbitrator to review Perez's challenge to her termination. <u>N.J.S.A.</u> 40A:14-209(a) provides in pertinent part that when a "law enforcement agency" suspends "a law enforcement officer" without pay and thereafter seeks to terminate the officer's employment, the officer may submit an appeal to PERC "for arbitration conducted in accordance with" <u>N.J.S.A.</u> 40A:14-210. The term "law enforcement officer" is defined to mean

any person who is employed as a permanent full-time member of any State, county, or municipal law enforcement agency, department, or division of those governments who is statutorily empowered to act for the detection, investigation, arrest, conviction, detention, or rehabilitation of persons violating the criminal laws of this State.

[N.J.S.A. 40A:14-200.]

It is undisputed that on May 18, 2015, NJIT appointed Perez to the position of Police Officer Intern. On October 21, 2015, NJIT later appointed Perez to the position of Police Officer. The appointment took effect on October 21, 2015, after Perez completed training at the Police Academy.

Article IX(A) of the CNA states, "All officers shall be considered as probationary officers for one (1) year from the date of appointment as an Institutional Officer." Thus, Perez was a probationary police officer for one year after the date of her appointment on October 21, 2015.

On appeal, Perez argues that the Director erred by finding that she was a probationary employee when she was terminated. Perez notes that she became employed by NJIT as a Security Officer in June 2014. She contends she achieved permanent employee status because she worked as an "officer" longer than one year. We disagree.

A-4716-15T3

Perez has not presented any evidence showing that a Security Officer is a commissioned Police Officer. Indeed, it is undisputed that the position of Security Officer is not covered by the CNA between NJIT and the FOP, which NJIT recognized as the negotiating agent for its commissioned Police Officers. Under the NJIT-FOP CNA, Perez had the status of a probationary employee, not the status of a permanent, full-time commissioned Police Officer.

We therefore conclude that there is sufficient credible evidence in the record to support the Director's determination that Perez was not entitled to the appointment of a special disciplinary arbitrator to consider Perez's challenge to her termination. The Director's decision is consistent with N.J.S.A. 40A:14-210, the definition of the term "law enforcement officer" in N.J.S.A. 40A:14-200, and the NJIT-FOP CNA. The Director correctly determined that because Perez was not a permanent, full-time police officer, she was not entitled to avail herself of the arbitration procedures in N.J.S.A. 40A:14-209(a).

Perez argues, however, that she is entitled to the appointment of an arbitrator as a matter of due process. Again, we disagree. As we have explained, Perez was a probationary, at-will employee and, as such, she had no recognized property interest in the position of Police Officer that is protected by the Due Process Clause. Thomas v. Town of Hammonton, 351 F.3d 108, 113 (3d Cir.

2003); see also Filqueiras v. Newark Public Schools, 426 N.J. Super. 449, 469 (App. Div.) (noting that an employee hired at will does not have a constitutionally-protected right in employment) (citation omitted), certif. denied, 212 N.J. 460 (2012).

In this regard, we note that Article VII of the NJIT-FOP CNA governs the investigation, due process, discipline, and the relevant grievance procedure for NJIT's commissioned police officers. Article VII expressly states that it does "not apply to probationary Officers."

Therefore, Perez, as a probationary officer, held her position as a commissioned Police Officer at the will of NJIT, and she lacked a recognized property interest in that position for purposes of the Due Process Clause of the Fourteenth Amendment. Accordingly, we reject Perez's contention that she had a constitutional right to the appointment of an arbitrator.

Perez further argues that NJIT's decision to terminate her employment is arbitrary, capricious or unreasonable. We note that the Director only decided that PERC did not have jurisdiction to appoint an arbitrator in this matter. The Director did not address the merits of Perez's claim that she had been wrongfully terminated. Thus, Perez's challenge to NJIT's decision is beyond the scope of this appeal.

Assuming, however, that Perez could take a direct appeal to this court from NJIT's decision to terminate her employment, we conclude that Perez has not shown that her termination was in any sense arbitrary, capricious or unreasonable. Perez also has not shown that the penalty imposed was "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness." In re Polk License Revocation, 90 N.J. 550, 578 (1982) (quoting Pell v. Bd. of Educ., Etc. 34 N.Y. 2d 222, 233 (1974)).

On appeal, Perez argues that NJIT treated her unfairly and fired her for what she characterizes as a "minor traffic accident." Perez claims that on the day of the accident, she may have been anxious because she had just arrested three armed juveniles. She asserts that she did not misrepresent herself or fabricate the events that led to the damage to the vehicle. Perez says she merely said she could not be fully certain she caused the damage.

Perez contends that NJIT acted arbitrarily and capriciously in terminating her employment because it failed to consider all of the mitigating factors and imposed a penalty that is disproportionate to her violations of Department policies. We have carefully considered Perez's arguments in light of the record and the applicable law, and conclude that Perez's arguments lack

sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4716-15T3